FILED: 11/20/2020 10:36 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 48284891
Reviewed By: Justin Rhodes

CAUSE NO. B200932-C

| | | |
|---|---|---|
| LORENE WRIGHT | § § § | IN THE ~~COUNTY~~ COURT |
| VS. | § § § | ORANGE COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC | § § | 163rd JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **LORENE WRIGHT** ("Plaintiff"), and would file her Original Petition over and against **WAL-MART STORES TEXAS, LLC** ("Defendant"). In support thereof, Plaintiff would show as follows:

**1.**

Plaintiff intends discovery to be conducted pursuant to Level 3, as set forth and governed by the Texas Rules of Civil Procedure.

**2.**

Your Plaintiff is a resident of Texas.

Upon information and belief, Defendant **WAL-MART STORES TEXAS, LLC** is a limited liability company formed in the State of Delaware but doing constant business in the great State of Texas. It may be served with process by mailing a copy of the Petition to their registered agent: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

Federal Removal Exhibit A

**3.**

This Court has venue as Defendant conducts significant business in Orange County, Texas. Furthermore, the incident occurred in or around Orange County, Texas. Although the amount of damages to be awarded Plaintiff for her actual damages is a matter lying within the discretion of the finder of fact, your Plaintiff would show that it is in excess of the minimum jurisdictional limits of this Court.

**4.**

This suit is brought by Plaintiff for those damages to which he is entitled to recover from Defendant as a result of her personal injuries sustained on or about August 28, 2020 at Walmart in Vidor, Texas. At all times material hereto, Defendant owned, controlled, and/or operated the premises in question.

Ms. Wright entered upon said premises in response to an express or implied invitation by Defendants. While in Walmart as a loyal customer, Ms. Wright slipped and fell due to a dangerous condition. Unbeknownst to Plaintiff, apparently water in front of a ice machine was constantly leaking; Defendant Walmart knew (or should have known) about this dangerous condition but failed to warn Plaintiff. This incident, and the injuries resulting therefrom, were brought about to occur and were proximately caused by the negligence of the Defendant.

**5.**

At all times mentioned herein, Defendant had such control over the premises in question and Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

Federal Removal Exhibit A

Said Defendant and/or its agents, servants and employees negligently, willfully, and/or knowingly permitted the area in question to become dangerous; negligently, willfully, and/or knowingly allowed such condition to continue; and negligently willfully and/or knowingly failed to warn Plaintiff of the dangerous condition. This condition existed despite the fact that Defendant and/or its agents, servants and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff.

Defendant furthermore had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant failed to inspect, warn, and/or cure.

As a result of this accident, Plaintiff sustained severe and disabling injuries and damages, which will be set out more fully hereinafter. This accident and the resulting injuries were brought about to occur and were proximately caused by the negligence of the Defendant. The following acts and omissions *included, but not limited to*, below illustrate how Defendant was negligent:

    a.    In failing to properly inspect and maintain the area in question;

    b.    In failing to maintain the area in a reasonably safe condition;

    c.    In failing to give adequate and understandable warnings to Plaintiff of the unsafe condition;

    d.    In failing to discover and remove the dangerous condition within a reasonable time;

    e.    In failing to use the care of a reasonably prudent person under the same or similar circumstances;

    f.    In failing to place any warning signs; and

Federal Removal Exhibit A

  g. In committing various other acts and/or omissions of negligence, both statutorily and at common law, to be specified at the time of trial.

**6.**

As a result of this incident your Plaintiff has sustained the following injuries, damages and losses:

a. Medical and other health care related expenses, both past and future;

b. Physical pain and suffering, both past and future;

c. Mental anguish, both past and future;

d Physical impairment, both past and future; and

e. Physical disfigurement, both past and future.

In addition, Plaintiff says that if it be shown that she had a pre-existing disease or condition, then he will show that same was neither painful or disabling and that as a result of the injuries inflicted upon him by the negligence of Defendant, Plaintiff's disease(s) or condition(s) were aggravated or incited to the extent that same became painful, disabling and proximately caused the damages described above.

Plaintiff asserts a claim for pre-judgment and post-judgment interest for all elements of damages that such interest is allowed. Plaintiff also asserts a claim for court costs for all costs where such is allowed.

All of the above-listed elements of damages were brought about to occur and were proximately caused by the negligence of the Defendant herein.

### 7. Request for Disclosure

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**8.**

All conditions precedent to Plaintiff's claim for relief has been performed or has occurred.

**9. Rule 193.7 Notice**

This is given as notice to the Defendant that Plaintiff intends to use all of Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7.

**10.**

Plaintiff fully reserves the right to amend or supplement this Petition.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial hereof, the Plaintiff recover against Defendant all of Plaintiff's damages as set forth herein as well as pre-judgment and post-judgment interest at the legal and lawful rate, all costs of court, and all other and further relief, at law or in equity, to which your Plaintiff may be justly entitled.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Federal Removal Exhibit A

Respectfully Submitted,

**THE FERGUSON LAW FIRM, L.L.P.**
350 Pine Street, Suite 1440
Beaumont, Texas 77704
(409)832-9700 - telephone
(409)832-9708- facsimile

*[signature]*

**Cody A. Dishon**
State Bar No. 24082113
cdishon@thefergusonlawfirm.com
jburkett@thefergusonlawfirm.com
**Javier Cabanillas**
State Bar No. 24094234
jcabanillas@thefergusonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**